UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>R.C. JOHNSON,<br><br>　　　　　　Respondent. | No. 2:18-cv-0036 AC P<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner is presently incarcerated at California State Prison, Los Angeles County. He is serving a sentence for a conviction rendered by the Riverside County Superior Court.

　　　　The general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In the instant case, both petitioner's conviction and his place of incarceration occurred in an area covered by the District Court for the Central District of California, making the Central District Court the proper venue for this case. Petitioner appears to acknowledge that venue is proper in the Central District, but requests that this court take jurisdiction because he believes the District Judge and Magistrate Judge who oversaw his previous habeas petition should

recuse themselves and he asks that this case not be sent to the Central District.  ECF No. 1 at 1-2, 13.

The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance."  United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing U.S. v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)).  Petitioner's request that Central District Judges recuse themselves is therefore not a proper ground for transferring venue to this court.  Because venue does not lie in the Eastern District, the case should be transferred to the Central District.  In light of petitioner's explicit request that this case not be transferred to the Central District, however, petitioner will be given an opportunity to voluntarily dismiss the petition if he prefers dismissal to transfer.  This court will not entertain any objections to the transfer and if petitioner declines to voluntarily dismiss the petition, the case will be automatically transferred to the Central District without further warning to petitioner.

Accordingly, IT IS HEREBY ORDERED that unless petitioner files a notice of voluntary dismissal within twenty-one days of service of this order, the case will be automatically transferred to the District Court for the Central District of California.

DATED: January 11, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2